ZOU CHANG MING, Petitioner,

v.

UNITED STATES ATTORNEY
GENERAL, Respondent.

No. 03–40967–AG.

United States Court of Appeals,
Second Circuit.

Jan. 26, 2006.

David X. Feng, New York, New York,
for Petitioner.

James M. Sullivan, Assistant United
States Attorney, for Gretchen C.F. Shappert, United States Attorney for the Western District of North Carolina, Charlotte,
North Carolina, for Respondent.

PRESENT: Honorable WILFRED
FEINBERG, Honorable AMALYA L.
KEARSE, and Honorable REENA
RAGGI, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED,
AND DECREED that the petition for review of the order of the Board of Immigration Appeals ("BIA") dated October 22,
2003, is hereby DENIED.

Petitioner Zou Chang Ming, a citizen of
the People's Republic of China who entered the United States on May 21, 2000,
challenges the BIA's summary affirmance

of a decision by an immigration judge ("IJ") denying his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

## 1. Standard of Review

To qualify for asylum, an applicant bears the burden of demonstrating past persecution or a well-founded fear of future persecution on account of specified statutory grounds. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004); *see also* 8 U.S.C. § 1101(a)(42)(A) (2000). For withholding of removal, an applicant "must demonstrate that, if returned to his country, his life or freedom would in fact be threatened on one of the protected refugee grounds." *Zhou Yun Zhang v. United States INS,* 386 F.3d 66, 71 (2d Cir.2004) (citing 8 U.S.C. § 1231(b)(3)(A)). Where the veracity of the evidence of a threat to applicant's freedom wholly depends upon the applicant's credibility, a denial of asylum based upon an adverse credibility determination necessarily forecloses success on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). With respect to a CAT claim, "[t]o qualify under the CAT, an alien must establish that 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Islami v. Gonzales,* 412 F.3d 391, 395 (2d Cir.2005) (quoting *Ramsameachire v. Ashcroft,* 357 F.3d at 184).

When, as in this case, the BIA summarily affirms the decision of an IJ, we review the decision of the IJ directly. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). An IJ's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8

U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. United States INS,* 386 F.3d at 73 & n. 7. We will not disturb the findings of the IJ if they are "supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Wu Biao Chen v. INS,* 344 F.3d at 275 (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). "When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford 'particular deference' in applying the substantial evidence standard." *Zhou Yun Zhang v. United States INS,* 386 F.3d at 73 (quoting *Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997)). This does not insulate credibility findings from judicial review. *See Ramsameachire v. Ashcroft,* 357 F.3d at 178. Nevertheless, such review is necessarily narrow "because a reviewing court cannot glean from a hearing record the insights necessary to duplicate the factfinder's assessment of credibility." *Zhou Yun Zhang v. United States INS,* 386 F.3d at 74. Judicial review serves primarily "to ensure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Id.* Where an IJ can point to specific record examples of "inconsistent statements" or "inherently improbable testimony" by the asylum applicant on matters material to his claim of persecution, "a reviewing court will generally not be able to conclude that a reasonable adjudicator was compelled to find" the applicant credible. *Id.* (internal quotation marks omitted).

## 2. Asylum and Withholding Applications

Zou's persecution claim is essentially derivative. He asserts past persecution and likely future persecution if returned to China based on the fact that, in April 1990, Chinese family planning officials sought to compel his pregnant girlfriend to submit to an abortion. Zou claims that he was de-

tained by Chinese officials for two days in April and released only when he promised to produce his girlfriend for an abortion and to register for marriage. In fact, after Zou fled China in late April 1990, his girlfriend did not undergo an abortion, but rather successfully gave birth to a daughter in November of that year.[1] In concluding that Zou had not demonstrated his eligibility for asylum or any other relief from removal, the IJ cited two, independent reasons: (1) the BIA's recognition of derivative spousal claims of persecution, see In re C–Y–Z–, 21 I. & N. Dec. 915, 918, 1997 WL 353222 (B.I.A.1997), did not extend to unmarried couples; and (2) Zou's testimony in support of his persecution claim was, in any event, not credible.

For the reasons stated in our decision in *Shi Liang Lin v. United States Dep't of Justice*, 416 F.3d 184, 191–92 (2d Cir.2005), we cannot review the IJ's first rationale for decision until "the BIA has clarified why it established spousal eligibility in the first instance." Nevertheless, we deny Zou's petition for review because the IJ's alternative rationale is supported by substantial evidence.

■ We preliminarily note that the IJ's adverse credibility finding was not based on identified contradictions in Zou's testimony, either internally or as compared with his asylum application. Rather, the IJ found that Zou's account of past persecution was inherently implausible. A finding of implausibility plainly cannot be based on "bald speculation," *see Zhou Yun Zhang v. United States INS*, 386 F.3d at 74; on the other hand, an account need not be patently irrational or demonstrably false to be deemed implausible. A factfinder must necessarily rely on experience, judgment, common sense, and a careful assessment of witness demeanor in decid-

ing whether an account is so unbelievable as to be fairly labeled implausible. Because, in this case, the IJ identified specific, cogent reasons for concluding that Zou's testimony was implausible, we conclude that her finding is supported by substantial evidence.

These reasons included a State Department Country Profile indicating that China fines women who become pregnant with their first child while unmarried, but does not insist on abortions. Such country profiles are not binding on an IJ, nor do they automatically discredit contrary evidence offered by an applicant. Nevertheless, they can be relied on as "a useful and informative overview" of country conditions. *See Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004). In this case, that Zou's girlfriend was never subjected to a forced abortion and voluntarily gave birth to their child in a public hospital comported with the profile report rather than Zou's claim of persecution.

Similarly undermining Zou's overall credibility was his curious explanation for how government officials discovered and sought to terminate his girlfriend's pregnancy within a month of conception. Zou asserted that his girlfriend suffered severe morning sickness that manifested itself in vomiting that neighbors may have identified as a sign of pregnancy, perhaps prompting those neighbors to report Zou's girlfriend to the authorities. But Zou could only surmise this chain of circumstances; he had no personal knowledge of these facts, not even the public vomiting. If the testimony appears dubious on review simply of a cold record, we are mindful that we lack the benefit of the IJ's direct observations of Zou's demeanor, which prompted him to conclude further

1. That child is apparently being raised by family members in China because in 2002

Zou's girlfriend also left her native country to join Zou in the United States.

that Zou was "hesitant and unresponsive" in testifying to these possibilities. *See Zhou Yun Zhang v. United States INS*, 386 F.3d at 73. In discrediting Zou's persecution claim, the IJ further noted a certain logical tension in Zou's testimony that government officials required him to promise that he would both produce his girlfriend for an abortion and marry her. Fulfilling either one of these promises would have appeared to have avoided the need for the other consistent with China's family planning policies.[2] In any event, as already noted, the country profile report detailed a policy toward unwed first-time mothers inconsistent with the dual demands testified to by Zou. In light of these specifically identified concerns, we cannot conclude that the IJ relied only on bald speculation and caprice in dismissing as implausible Zou's account of persecution, nor can we conclude that the IJ was compelled to credit his claim of derivative persecution based on a purported unfulfilled threat of a forced abortion to his girlfriend.

### 3. *Zou's CAT Claim*

To establish eligibility for CAT relief, Zou has the burden of proving "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). "[T]he standard for invocation of the CAT is more stringent than the standard for granting asylum" because it requires an applicant to prove "that he personally would be more likely than not to be tortured upon return." *Nen Ying*

*Wang v. Ashcroft*, 368 F.3d 347, 349–50 (3d Cir.2004).

Even assuming arguendo that forcible sterilization constitutes torture for purposes of CAT, *see Cao He Lin v. United States Dep't of Justice*, 428 F.3d 391, 407 (2d Cir.2005) ("On remand, the IJ must determine … whether sterilization constitutes torture."); *see also Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005) (reiterating that forced sterilization "constitutes a form of … persecution"), Zou introduced no evidence showing that he would *more likely than not* be forcibly sterilized on return to China. On appeal, Zou cites only a portion of the country profile indicating that *smugglers* are often punished severely if they are returned to China. But Zou does not claim to be a smuggler, and thus this portion of the country profile is inapposite. Accordingly, the IJ thus appropriately found that Zou had failed to satisfy his burden of proof for his CAT claim.

For the reasons above, the petition for review the BIA's order of October 22, 2003 is hereby DENIED.

---

**2.** To the extent the IJ further noted that Zou produced no official letters or documents confirming his claimed two-day detention, this court has ruled that an IJ must find that such documents could reasonably be obtained for the lack of production to support an adverse credibility finding. *See Diallo v. INS*, 232 F.3d 279, 287–88 (2d Cir.2000). In this case, however, the IJ already appeared to have found Zou not credible for other reasons before noting that he adduced no documentary support for his claimed detention. *See Zhou Yun Zhang v. United States INS*, 386 F.3d at 78.